UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :
EMPLOYERS INSURANCE COMPANY OF WAUSAU, :        15cv4175 (DLC)
                                     :
                  Plaintiff,         :             ORDER
                                     :
        -v-                          :
                                     :
HARLEYSVILLE PREFERRED INSURANCE     :
COMPANY, THE TRAVELERS INDEMNITY     :
COMPANY, and THE ELECTRICAL EMPLOYERS :
SELF INSURANCE SAFETY PLAN,          :
                                     :
                  Defendants.        :
------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4-6-2016

DENISE COTE, District Judge:

On February 17, 2016, Employers Insurance Company of Wausau
("Wausau") submitted a letter on ECF requesting that the Court
consider the deposition testimony of Timothy Delaney in
connection with the parties' cross-motions for summary judgment
on the duty to defend.  On February 18, Travelers Property
Casualty Company of America ("Travelers") submitted a letter on
ECF arguing that the additional deposition testimony should not
be considered because it was untimely, and also requested ten
days to respond to the contentions in Wausau's February 17
letter.  On February 18, Harleysville Preferred Insurance
Company ("Harleysville") submitted a letter on ECF arguing that
the Court should not consider the additional deposition
testimony because it was untimely.  In the alternative,
Harleysville argued that should the Court consider the

additional deposition testimony, it should also consider a video recording of the accident (the "Video"), which it stated was "enclosed."  The Video was not filed on ECF as an exhibit to Harleysville's letter.  Harleysville delivered a hard copy of its February 18 letter along with a DVD containing the Video. Harleysville did not, at that time, request that the Video be filed with the Clerk's Office or otherwise be made part of the public record.

By Order dated February 18, the Court denied Travelers' request to submit additional briefing and stated that in the event the Court determined the newly-submitted evidence was material to any issue raised in Wausau's motion for summary judgment, it would separately order additional briefing.  By Opinion and Order dated February 29, the Court denied Wausau's motion for summary judgment and granted, in part, Travelers' and Harleysville's motions for summary judgment.  The Court neither viewed nor relied on the Video.  By Order dated March 3, the Court denied Wausau's motion for summary judgment on the duty to indemnify, denied Travelers' And Harleysville's motion for summary judgment on the duty to indemnify as moot, and entered judgment for Travelers and Harleysville.  Wausau filed a notice of appeal on March 23.

On April 5, Harleysville submitted a letter on ECF requesting that the Video be deemed a part of the record for purposes of Wausau's appeal.  Harleysville contends that, due to the nature of the video file, it could not be electronically filed on ECF, but that it is part of the record because Harleysville delivered a DVD to chambers.  On April 6, Wausau submitted a letter on ECF arguing that the Video should not be deemed part of the record because (1) Harleysville never served a copy of the Video on Wausau, (2) Wausau does not know which video Harleysville referred to in its April 5 letter, and (3) the Court did not reference the Video in its February 29 Opinion and Order.  On April 5, Harleysville submitted a letter on ECF noting that the Video was produced by Wausau to Harleysville in discovery.

The Court understands that it is not currently possible for parties to file video files electronically on ECF.  Accordingly, it is hereby

ORDERED that by April 13, Harleysville may deliver two DVDs containing the Video to the Clerk's Office, Records Management, Room 270, 500 Pearl Street.  The DVDs shall be labeled with the case name and docket number of this action.  Upon receipt of the DVDs, the Clerk of Court shall retain the DVDs as part of the

3

record and make an entry on ECF noting that hard copies of the DVD are retained by the Clerk's office.  Upon request of a party, the Clerk of Court shall transmit the DVD containing the Video to the United States Court of Appeals for the Second Circuit.  This Order is not a judgment that the Video would be properly considered on appeal.

IT IS FURTHER ORDERED that by April 13, Harleysville shall serve a copy of the Video on Wausau and Travelers.

Dated:     New York, New York
           April 6, 2016

                              _____
                                       DENISE COTE
                            United States District Judge