UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
EMPLOYERS INSURANCE COMPANY OF WAUSAU,

            Plaintiffs,

-against-

HARLEYSVILLE PREFERRED INSURANCE COMPANY,
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA, and THE TRAVELERS
INDEMNITY COMPANY,

            Defendants.
------------------------------------------------------------------------x

Civil Action No.:
15-cv-4175 (DLC)

**PLAINTIFF WAUSAU'S RESPONSE TO HARLEYSVILLE'S 56.1 STATEMENTS**

       Plaintiff EMPLOYERS INSURANCE COMPANY OF WAUSAU ("Wausau"), by its counsel, JAFFE & ASHER LLP, as and for its opposition to defendant HARLEYSVILLE PREFERRED INSURANCE COMPANY ("Harleysville")'s statement of material facts dated August 31, 2018, pursuant to Rule 56.1(b) of the Local Civil Rules of the United States District Court for the Southern District of New York, states as follows:

       1.     On or about November 17, 2014, the underlying plaintiffs filed a verified complaint in the New York Supreme Court, Bronx County, captioned Rosanne Cavataio, as Executrix of the Estate of Nicholas Cavataio and Rosanne Cavataio, individually v. Metropolitan Transportation Authority, et al., bearing Index Number 25425/2014E (the "Underlying Action"), which asserts counts against the Metropolitan Transit Authority ("MTA"), Eaton Corp., Miller Auto Leasing Corp. ("Miller Auto"), Monarch Electric Company ("Monarch"), and the Triborough Bridge and Tunnel

1

Authority ("TBTA"). See Declaration of Brooks H. Leonard dated August 31, 2018 ("Leonard Decl."), Ex. F.

**Wausau' Response:**   Admitted.

    2.    On or about January 15, 2015, the MTA and the TBTA filed a third-party complaint against Hellman, which alleges, in part, that the MTA and TBTA are entitled to contractual indemnification from Hellman. See Leonard Decl., Ex. G.

**Wausau' Response:**   Admitted.

    3.    On August 5, 2014, Mr. Cavataio (a Hellman employee) was performing work pursuant to Hellman's contract with the TBTA. See Leonard Decl., Ex. A at 8-9 & Def's C at TRAV_304.

**Wausau' Response:**   Denied. See Declaration of Brooks H. Leonard, Esq. in Support of Harleysville Preferred Insurance Company's Motion for Summary Judgment, dated August 31, 2018, ("Leonard Dec."), Exhibit C.

    4.    On that date, Monarch was delivering components, including a battery cabinet, to be incorporated into the security system at the Throgs Neck Bridge pursuant to a Hellman purchase order. See id., at Def.'s C at TRAV_304; id., Ex. B at 16 of 26; id., Ex. D at 17, 23-24.

**Wausau' Response:**   Admitted.

    5.    To unload the battery cabinet from the truck, one employee each from Monarch and Hellman utilized a pallet jack. See id., Ex. A at Def.'s C at TRAV_304; id., Ex. B at 16 of 26; id., Ex. D at 28-29; id., Ex. E at 63-64; id., Ex. J at 73, 74-78; 112; 166-67, 209; id., Ex. K at 160, 161; id., Ex. N at 6.

Wausau' Response:   Denied.  (See Leonard Dec, Exh. "D", p 52, 69.)

6. During the unloading process, and while the battery remained on the pallet jack, the battery and pallet jack fell off the truck, and the battery crushed and fatally injured Mr. Cavataio. See id., Ex. A at Def.'s C at TRAV_304; id., Ex. B at 16 of 26; id., Ex. D at 55, 58, 77-78, 86; id., Ex. E at 79-80; id., Ex. J at 74-78; 112; 166-67, 209; id., Ex. K at 157, 160, 161, 169; id., Ex. N at 6.

Wausau' Response:   Denied.  The videos show clearly that the pallet jack did not fall off the truck.  (See Leonard Dec., Exhibit C.)

7. The accident is captured on video.  See Leonard Decl., Ex. C.

Wausau' Response:   Admitted in part, and denied in part, as the videos did not capture everything.  (See Leonard Dec., Exhibit C.)

8. Wausau issued a general liability policy to Hellman pursuant to policy number TBC-Z21-093853-014, with a policy period of June 27, 2014 through June 27, 2015 (the "Wausau Policy"), with limits of $2,000,000 each occurrence and $4,000,000 general aggregate. The relevant provisions of the Wausau Policy are attached to the Leonard Decl. as Ex.Q.

Wausau' Response:   Admitted.

9. Harleysville issued a Business Auto Policy to Hellman Electric Corp., 855 Brush Ave, Bronx, N.Y., bearing policy number BA00000019507L for the June 27, 2014 through June 27, 2015 policy period (the "Harleysville Policy"). The relevant provisions of the Harleysville Policy are attached to the Leonard Decl. as Ex. R.

Wausau' Response:   Admitted.

3

## ADDITIONAL MATERIAL FACTS THAT NEED TO BE TRIED

1. The facts relevant Harleysville's duty to indemnify need to be first tried in the underlying action. If the trial of the underlying action does not resolve the issues determinative of the duty to indemnify, a material fact that needs to be tried in this action, which precludes summary judgment herein, is whether the movement of the battery by the pallet jack was the dominate and proximate cause of the accident leading to the death of Nicholas Cavataio.

2. The facts relevant Harleysville's duty to indemnify need to be first tried in the underlying action. If the trial of the underlying action does not resolve the issues determinative of the duty to indemnify, a material fact that needs to be tried in this action, which precludes summary judgment herein, is whether the battery was being moved by the pallet jack when the battery fell off of the truck.

Dated: New York, New York
October 4, 2018

Yours, etc.,

JAFFE & ASHER LLP

By: _____
Marshall T. Potashner, Esq.
Janet J. Lee, Esq.
Attorneys for Plaintiff
EMPLOYERS INSURANCE COMPANY OF WAUSAU
600 Third Avenue, 9th Floor
New York, New York 10016
(212) 687-3000
MPotashner@Jaffeandasher.com
Jjlee@Jaffeandasher.com

TO:   RIKER, DANZIG, SCHERER,
HYLAND & PERRETTI LLP
Attorneys for Defendant
HARLEYSVILLE PREFERRED
INSURANCE COMPANY
One Speedwell Avenue
Headquarters Plaza
Morristown, New Jersey 07962-1981
(973) 538-0800

RIVKIN RADLER LLP
Attorneys for Defendant
TRAVELERS PROPERTY CASUALTY COMPANY
OF AMERICA and
THE TRAVELERS INDEMNITY COMPANY
926 RXR Plaza,
Uniondale, NY 11556-0926
(516) 357-3000